*In re* MARRIAGE OF EDWIN P. MARKEY, SR., Petitioner-Appellant, and MARIANNE MARKEY, n/k/a Marianne Smith, Respondent-Appellee.

First District (3rd Division)   No. 1—89—0429

Opinion filed December 18, 1991.

Burton A. Brown, P.C., of Chicago, for appellant.

Thomas J. Kelley, of Schaumburg, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Petitioner Edwin P. Markey appeals from an order of the circuit court modifying a joint custody judgment by awarding sole custody of the parties' minor child to respondent Marianne Markey, n/k/a Marianne Smith. Edwin contends that (1) the trial court abused its discretion when it entered orders barring two clinical psychologists from disclosing records and communications of the child; and (2) the trial court's order awarding sole custody of the child to Marianne was an abuse of discretion notwithstanding the orders barring the clinical psychologists from disclosing records and communications of the child. We reverse and remand.

On August 14, 1981, Edwin and Marianne were married in Winnetka, Illinois. They had one child, Edwin P. Markey, Jr., who was born on March 4, 1983. A judgment for dissolution of the marriage was entered on October 17, 1985, and the trial court awarded the parties joint legal and physical custody of the child.

On May 16, 1987, Marianne married Bradley Smith in Illinois. Several months later, Mr. Smith was informed by his employer that he was being transferred to San Leandro, California. On September 28, 1987, Marianne filed a petition for removal of the child from Illinois so that the child could reside in California with her and her hus-

band. (See Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1987, ch. 40, par. 609).) In the fall of 1987, although he did not have Marianne's consent, Edwin began to have the child treated by Dr. Margo Kennedy, a clinical psychologist.

On January 7, 1988, Edwin filed a petition for modification of the joint custody judgment and requested sole custody of the child pursuant to section 610(b) of the Act. On July 14, 1988, Marianne was granted leave to withdraw her petition for removal of the child and was granted leave to file a petition to modify residential custody arrangements.

At the custody trial, Edwin sought to have Dr. Kennedy testify. Marianne filed a motion to bar Dr. Kennedy from testifying as to records and communications of the child during the course of treatment. (See section 3(a) of the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat. 1987, ch. 91½, par. 803(a)).) Marianne asserted that because she and Edwin had an equal right to make decisions regarding the care of their child pursuant to the joint custody order, she was invoking the section 3(a) confidential records and communications privilege on behalf of the child. Edwin responded that he was giving his written consent for disclosure of records and communications relating to the child and that therefore the requirements for disclosure of such information under section 5(a)(1) of the Act were met (Ill. Rev. Stat. 1987, ch. 91½, par. 805(a)(1)).

The trial court concluded that the child had not waived the section 3(a) confidential records and communications privilege on the basis that section 5(a)(1) requires the written consent of both custodial parents for disclosure of records and communications of a child under 12 years old. The trial court therefore entered an order barring Dr. Kennedy from disclosing records and communications of the child. The trial court also barred any testimony from another clinical psychologist, Dr. James N. Watzke, which would be based upon information that he received from Dr. Kennedy relating to records and communications of the child. At the conclusion of the trial, the trial court found that joint custody of the child was not working satisfactorily and ruled that it be terminated. The trial court gave Marianne sole custody of the child.

The critical issue on appeal is whether the trial court abused its discretion in ruling that the testimony of Dr. Kennedy and Dr. Watzke was barred on the basis that section 5(a)(1) requires the written consent of both custodial parents.

■ In order to address the issue, section 3(a) and section 5(a)(1) must be read together. Section 3(a) provides:

"Records and communications—Personal notes of therapist

§3.(a) All records and communications shall be confidential and shall not be disclosed except as provided in this Act." (Ill. Rev. Stat. 1987, ch. 91½, par. 803(a).)

Section 3(a) is applicable here because the word "therapist" in the Act means "a psychiatrist, physician, psychologist, social worker, or nurse providing mental health or developmental disabilities services." Ill. Rev. Stat. 1987, ch. 91½, par. 802(9).

Section 5(a)(1) provides:

"Written consent for disclosure of records and communications

§5.(a) Except as provided in Sections 6 through 12.2 of this Act, records and communications may be disclosed with the written consent of:

(1) the parent or guardian of a recipient who is under 12 years." Ill. Rev. Stat. 1987, ch. 91½, par. 805(a)(1).

In order to determine the meaning of section 5(a)(1), we must look to the plain meaning of the words used in the statute and the intent of the legislature. The word "parent" rather than "parents" is used in section 5(a)(1). The plain meaning of the word "parent" means either mother or father, and not both. Moreover, the plain meaning of the word "parent" in the statute means either mother or father without regard to which one of the parents may have legal custody of the child. Thus, the fact that the parties had joint custody of the child in the present case is not relevant to the issue before us. In addition, we note that section 2 of the Act states: "Definitions *** The terms used in this Act, unless the context requires otherwise, have the meanings ascribed to them in this Section. *** (5) 'Parent' means *a parent* or, in the absence of a parent or guardian, a person in loco parentis." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 91½, par. 802(5).

In seeking the intent of the legislature, we start with the premise that the purpose of section 5(a)(1) is to protect the confidentiality of the mental health and developmental disabilities records and communications of children under 12 years old to the extent that disclosure would be detrimental to the best interest of the child. It follows that the focus of determining the intent of the legislature must be on the best interest of the child.

■ It is plain that the best interest of the child is served if in the process of determining the best interest of a child in a custody proceeding the trial court assays all of the mental health and developmental disabilities records and communications of the child so that the trial court can be fully apprised of the child's mental health and devel-

opmental disabilities. To require the consent of both parents or the custodial parent to waive the privilege of confidentiality frustrates rather than fosters this objective in custody proceedings. It is therefore clearly in the best interest of the child to require only one of the parents to waive the privilege of confidentiality under the statute in custody proceedings.

It follows that the plain meaning of the wording of section 5(a)(1) and the intent of the legislature is to require the written consent of only one of the parents to disclose the records and communications of a child under 12 years old in custody proceedings. Thus, the trial court abused its discretion when it barred the testimony of Dr. Kennedy and Dr. Watzke concerning records and communications of the child. In light of our conclusion, we do not address the other issue raised by the appellant.

Accordingly, the orders of the trial court barring the testimony of Dr. Kennedy and Dr. Watzke concerning records and communications of the child are reversed, and the case is remanded for further proceedings in accordance with what is stated herein.

Reversed and remanded.

CERDA, P.J., and GREIMAN, J., concur.